UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JON M. BARTLETT,

    Petitioner,

v.                                               Case No. 11-C-0326

UNITED STATES OF AMERICA,

    Defendant.

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. # 2), GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME TO FILE BRIEF IN SUPPORT OF § 2255 MOTION (DOC. # 3), SCREENING § 2255 MOTION AND REQUIRING THE UNITED STATES TO FILE AN ANSWER

On April 4, 2011, Jon M. Bartlett filed this motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. Bartlett included a request to proceed *in forma pauperis* and a motion for leave to file a delayed memorandum of law in support of his § 2255 motion. As there is no fee to initiate a § 2255 case, his motion for leave to proceed *in forma pauperis* is moot. On the other hand, the court will address Bartlett's motion for an extension of time to file a brief supporting the § 2255 motion below.

On July 26, 2007, a jury convicted Bartlett on two counts - Count One charged him with conspiring to injure, oppress, threaten or intimidate two individuals and Count Two with aiding and abetting the deprivation of an individual's protected right, all while acting under the color of law. On November 29, 2007, Bartlett was sentenced to 120 months imprisonment as to Count One and 88 months imprisonment as to Count Two. The Seventh Circuit Court of Appeals affirmed his conviction, but vacated the sentence

and remanded the case for further proceedings in a decision issued on June 8, 2009. According to the court of appeals docket, the mandate issued on June 30, 2009. Bartlett was resentenced on September 17, 2009, to the same term of imprisonment and the Seventh Circuit affirmed the judgment in a decision issued March 31, 2010, with the mandate issuing April 22, 2010.

The court must initially examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Bartlett asserts four[1] grounds for relief. First, he claims that this court misapplied the United States Sentencing Guidelines (U.S.S.G.) when imposing his current sentence and that he received a disparately lengthy sentence. Second, he submits that his counsel was ineffective for 1) failing to research the U.S.S.G. and to present Heartland factors in favor of a downward departure; 2) failing to raise and preserve his objection to

---

[1] Bartlett states eight separate grounds, however, as five of them are just different bases for one claim of ineffective assistance of counsel, the court has grouped them together as one for screening.

the guideline range and the sentencing disparity; 3) failing to assert error for the court's failure to consider his exceptional Heartland factors; and 4) failing to object to the offense level, restitution, and enhancements applied by the court. Third, Bartlett contends that the court failed to determine his Heartland factors under U.S.S.G. §§ 5K2.1-10. Fourth, Bartlett reiterates that his sentence was disparately lengthy and the court failed to consider sentences given to similarly situated defendants.

Ineffective assistance of counsel is clearly a constitutional ground for relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Inasmuch as Bartlett raises an issue regarding the fairness of his sentencing due to the court's failure to consider his Heartland factors, his claim implicates the due process rights provided by the Fifth Amendment. However, Bartlett's § 2255 motion notes that he raised the issues regarding the misapplication of the United States Sentencing Guidelines and his disparately lengthy sentence in his appeals before the Seventh Circuit Court of Appeals.

> A section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. As a result, there are three types of issues that a section 2255 motion can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994). Therefore, because the appellate court has considered these issues on direct appeal, Bartlett's first and fourth grounds for relief will be dismissed.

Bartlett requests an extension of time to file a memorandum of law in support of his § 2255 motion. He asserts that he requires the additional time because of his many claims, the substantial trial records he must examine to prepare his brief, as well as the legal research necessary to write it.

Because the court is persuaded that Bartlett should have additional time to file his brief, but that his remaining claims may be addressed within the thirty page limit set by Civil L.R. 7(f),

IT IS ORDERED that the motion for leave to proceed *in forma pauperis* is denied as moot.

IT IS FURTHER ORDERED that Bartlett's first and fourth grounds for relief are dismissed.

IT IS FURTHER ORDERED that the motion for extension of time is granted in part and denied in part. Bartlett shall file a memorandum of law supporting his § 2255 motion on or before **August 26, 2011**. The memorandum must comply with the thirty page limit set by Civil L.R. 7(f).

IT IS FURTHER ORDERED that within thirty days of receipt of Bartlett's brief, the United States answer the remainder of the petition, complying with Rule 5 of the Rules Governing § 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE