UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JON M. BARTLETT,

        Petitioner,

        v.                                Case No. 11-C-0326

UNITED STATES OF AMERICA,

        Respondent.

ORDER DENYING BARTLETT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE (DOC. 1), DENYING BARTLETT'S MOTION FOR AN EVIDENTIARY HEARING PURSUANT TO RULE 8(A) OF RULES GOVERNING § 2255 PROCEEDINGS (DOC. 7), DENYING AS MOOT BARTLETT'S MOTION FOR STATUS HEARING (DOC. 8), DENYING MOTION FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2) (DOC. 9), DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE

      Jon M. Bartlett filed this action pursuant to 28 U.S.C. § 2255 challenging his judgment of conviction on two counts of violating 18 U.S.C. §§ 241 and 242, conspiracy and deprivation of rights under color of law. Following a two-week trial, a jury returned a verdict against Bartlett and two of his co-defendants on both counts. On November 29, 2007, Bartlett was sentenced to 120 months imprisonment as to count one and 88 months imprisonment on count two. The Seventh Circuit Court of Appeals affirmed the conviction concluding that the 208-month sentence "is reasonable substantively," but remanded for the purpose of allowing the court to clarify whether it was aware that the 208-month sentence exceeded the guideline range of 151 to 188 months. *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). The sentence was reimposed on September 17, 2009, and the

Seventh Circuit affirmed on March 31, 2010. In his second appeal, Bartlett again argued that his sentence range should have been 41 to 51 months. The Seventh Circuit found:

> Bartlett [and his co-defendants] present twelve appellate issues. Only four require discussion. The rest have been considered, and we reject them without comment. 567 F.3d at 905. That decision is the law of the case. Appellate courts need not address all issues at length; this one did not occasion discussion in 2009 and still does not. Bartlett's argument is no stronger now that it was last year.

*Id.*, 370 Fed. Appx. 714 (7th Cir. 2010). Now, for the reasons set forth below, Bartlett's § 2255 motion will be denied.

Section 2255 is neither a recapitulation nor a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). However, claims of ineffective assistance of counsel often involve evidence outside of the trial record, and, as such, may be brought for the first time in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003); *United States v. Waltower*, 643 F.3d 572, 579 (7th Cir. 2011).

To succeed on his ineffective assistance of counsel claim, Bartlett must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To satisfy the first prong, the court determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Then, Bartlett must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

The court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed.2d 305 (1986). Consequently, the petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

In screening Bartlett's § 2255 motion pursuant to the Rules Governing Section 2255 Proceedings, this court dismissed Bartlett's claims that the sentencing guidelines were misapplied, the sentence was disparately lengthy, and the court failed to consider sentences given to similarly situated individuals. These claims were considered and rejected by the Seventh Circuit on direct appeal. Hence, the court turns to the only two remaining claims regarding ineffective assistance of counsel and the court's failure to consider the "heartland factors" under U.S.S.G. 5K2.1-10.

Before turning to the ineffective assistance of counsel claims, several points require clarification. First, there is no presumption that Attorney Bridget Boyle was ineffective simply because her father, Attorney Gerald Boyle, with whom she routinely appears, represented Bartlett at sentencing. Both Bridget and Gerald Boyle appeared on the docket as counsel of record and represented Bartlett at trial. Second, Bartlett repeatedly refers to counsel's failure to make "*Booker*-type" objections.

In *United States v. Booker*, the Supreme Court held the mandatory nature of the federal Sentencing Guidelines unconstitutional because sentences were imposed that "exceed[ed] the maximum authorized by the facts established by a plea of guilty or a jury verdict." 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). This led to a

3

Case 2:11-cv-00326-CNC   Filed 12/04/13   Page 3 of 11   Document 10

determination that the Guidelines were advisory and that a sentence could be reviewed for reasonableness. *Id.* at 264, 125 S. Ct. 738. *Booker* does not control the issues raised by Bartlett, and, on two occasions, the Seventh Circuit has found Bartlett's sentence to be reasonable substantively.

Moreover, Bartlett's arguments regarding counsel are difficult to reconcile with the statements made during the November 29, 2007, sentencing. At that time, the court confirmed with Bartlett that he had a chance to review the presentence report with his counsel. (Doc. 241 at 3.) The court then asked whether Bartlett was satisfied that he had "sufficient time to review the report and to set forth," through counsel, any objections or concerns regarding sentencing. Bartlett responded, "yes, sir." (*Id.*)

Regardless, Bartlett is now challenging the performance of his trial counsel, Bridget and Gerald Boyle. He maintains that counsel was ineffective in failing to research the sentencing guidelines, present the "heartland factors" in favor of a downward departure, object to the court's application of the guidelines and the "unwarranted" sentencing disparity, object to the "court's error" in failing to consider his exceptional heartland factors, and object to the offense level, restitution, and enhancements that were applied.

With respect to counsel's alleged failure to research the guidelines and request a "heartland determination consistent with § 3553(b)(1) factor by applying U.S.S.G. §§ 5K2.1-10," Bartlett never identifies what possible considerations counsel should have raised. Moreover, counsel raised mitigating facts. In a letter to the probation agent dated November 9, 2007, Bridget Boyle opposed any upward departure and argued that other factors warranted a variance. Specifically, Boyle cited *United States v. Koon*, 518 U.S. 81, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996), where the Supreme Court determined that the

4

district court acted within its discretion in granting a downward departure because the officers involved in the Rodney King incident were in a position of high susceptibility to abuse in prison and were subjected to successive state and federal prosecutions. Boyle explained:

> In the case at hand, Mr. Bartlett is in the same category as Mr. Koon and Mr. Powell. Mr. Bartlett was charged in a state court proceeding in which he was acquitted of the more serious count. The other count was dismissed based upon the conviction in this matter. It is also clear that if Mr. Bartlett had been convicted in State Court he would not have been subjected to this Federal prosecution. The publicity in this matter has been great and as a result, it can be assumed that Mr. Bartlett will be subjected to some stressful situations in a prison setting.

She explained how the successive prosecution affected Bartlett emotionally and physically and asserted that Bartlett had been "verbally abused on numerous occasions and on one occasion was physically assaulted when a bottle was thrown at him by a passing car."

Continuing with this argument at sentencing, Gerald Boyle explained that the picture of the man painted by the prosecutors was "completely different" from the client he had gotten to know after visiting Bartlett "maybe 40 times, 30 times, at Dodge since he's been in custody" and through the "hundreds and hundreds of hours" before the first case. (Doc. 241 at 33.) Boyle emphasized the acquittal in state court, the use of alcohol, and referred to Bartlett as a "model client." Also, Gerald Boyle asked the court to consider a concurrent sentence and to take *Koon* into consideration. (*Id.* at 33-39.)

At sentencing, Bartlett had the opportunity to apologize to the court and accept responsibility. He stated that he had the opportunity to reassess his life and reestablish his relationship with God and his family. Furthermore, Bartlett expressed concern that he would be subject to retribution in prison, as a former police officer.

5

The court has given due consideration to all of these matters, including the record, performance of counsel, and the Seventh Circuit's determination that the sentence was substantively reasonable. Consequently, if finds no basis in this record for Bartlett to prevail on his argument that counsel was ineffective in failing to research the guidelines and bring any mitigating factors to the court's attention. Bridget and Gerald Boyle addressed sentencing factors and guideline issues as discussed above, and in doing so their performance was not constitutionally deficient.

Bartlett next argues that counsel failed to object to the grouping of multiple counts under U.S.S.G. § 3D1.2. This argument is puzzling inasmuch as counsel objected to and prevailed on the grouping argument at sentencing. While the presentence writer grouped counts one and two pursuant to U.S.S.G. § 3D1.2(b), the prosecutor opposed the grouping because the counts did not involve identical victims. Under the government's theory, the offense level would have increased two levels to a 34. At page two of her November 9, 2007, letter to the probation agent, Bridget Boyle argued that the counts must be grouped inasmuch as there was a common scheme or plan where all conduct occurred at approximately the same time and same location. Boyle also cited the reference to Frank Jude and/or Lovell Harris in the jury verdict, which made it impossible to tell if the jury found one or the other or both, and cited *United State v. Emerson,* 128 F.3d 557 (7th Cir. 1997) for its discussion of a common scheme or plan. The court agreed with defense counsel resulting in the more favorable offense level of 32.

Similarly, counsel asked the court to impose concurrent sentences. (Doc. 241 at 10.) Bartlett asserts that counsel was ineffective in failing to challenge the consecutive nature of the sentence; but the argument was raised and rejected under the guidelines. Section

6

Case 2:11-cv-00326-CNC    Filed 12/04/13    Page 6 of 11    Document 10

5G1.2 (b) and (d), which are cited by Bartlett, support consecutive sentences because subsection (b) states that "total punishment" on multiple counts is the sentence imposed by the guidelines and (d) says the sentences shall run consecutively where the sentence imposed on the count carrying the highest statutory maximum is less than the "total punishment." Each of the two counts had a statutory maximum of 120 months, but the guideline range was 151 to 188 months. Hence, a concurrent sentence would have resulted in one less than the "total punishment" contemplated by the guidelines. Consequently, counsel's performance was neither deficient nor resulted in prejudice to Bartlett.

Apparently, Bartlett's last argument regarding counsel's performance is predicated on his belief that his sentence shouldn't be disparate from sentences imposed on similarly situated defendants. As stated above, in her November 9, 2007, letter, Bridge Boyle compared Bartlett to the officers in *Koon.* Further, on appeal, defense counsel submitted that the court failed to consider the need to avoid unwarranted sentencing disparities and that Bartlett's sentence was "vastly out of proportion to sentences given to other similarly situated defendants." (Doc. 6-1 at 20.) The Seventh Circuit considered and rejected this argument without comment. As such, Bartlett cannot show prejudice.

As a final matter, Bartlett concludes that the court erred in failing to consider mitigating factors in passing sentence. He cites *Koon* and his significant potential for rehabilitation and the unlikelihood that he will ever offend again. However, these factors were raised by Bartlett and counsel at sentencing and duly evaluated by the court. The court reviewed all submissions in connection with sentencing and adopted the presentence report. On the issue of mitigating factors, the court commented as follows:

Now, there's been a lot of discussion today of the various factors the court must consider after taking into account the guidelines which have just been discussed. 18 U.S.C. § 3553(a)(2) does require the court to impose a reasonable sentence that takes account of the seriousness of the offense, the need to promote respect for the law, to exact what is just punishment. That is, no greater that is necessary under the circumstance, in addition to deterring the Defendant and others from committing the same or similar crimes, and also for the purpose of protecting the public in this and other instances where such crimes may be contemplated. Under some circumstances the court has to also take into account the need for training and/or medical attention that may be warranted. Here there obviously is not great need for training. And there is no clear need for medical attention. So those factors are discounted.

However, I am concerned about Mr. Bartlett's psychology. That is, his thinking. Mr. Bartlett has been a chameleon. The conduct of which was displayed in this particular incident is vastly different from what Mr. Bartlett described as his response to the incident that occurred while he was incarcerated. Mr. Bartlett also went out and secured weapons while on bail, showing not only disrespect for the court and the law, but also by violating the terms of his release.

It is suggested by Mr. Bartlett that he is a different person. Perhaps he is. Only he knows his heart. But I do know that Mr. Bartlett's activities and disregard for the civil rights of Mr. Jude and Mr. Harris has torn this community, and has cast a shadow on the Police Department that he once served.

Miss Porter spoke of distrust. She spoke of the need for healing. And she talked about how her family has been adversely affected by this crime. Mr. Jude has spoken directly through his counsel of his view that he was terrorized. And that he has suffered a nightmare as a result of Mr. Bartlett's conduct. Mr. Harris has essentially echoed those sentiments.

And so this court does have to impose a sentence that reflects the injury that has been suffered by Mr. Harris, Mr. Jude, Miss Brown, Miss Antonissen, the Milwaukee Police Department and this community. It must do so in order to make clear that similar conduct in the future will be dealt with severely. People must be deterred from violating civil rights in this community. Law enforcement must be trusted to follow the law diligently, without regard to person. Citizens need to feel that they will be respected, treated with dignity, and handled in a way that is consistent with their conduct and their Constitutional rights.

(Doc. 241 at 41-43).

The court did not ignore defense counsel's arguments, and the sentence imposed has been found to be "reasonable" on appeal -- twice. No further discussion is required (or permitted to the extent it has been ruled on by the Seventh Circuit).

Having concluded that Bartlett is not entitled to relief on his § 2255 motion, his request for an evidentiary hearing will be denied as futile. *See Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). In addition, Bartlett has asked this court to take judicial notice of Administrative Detention Orders provided by the Federal Bureau of Prisons in support of his arguments that the court failed to "adequately take into account his status as a former police officer as Heartland factors for downward departure ...." He contends that new, extenuating circumstances existed at the time of the September 17, 2009, resentencing because he had been subject to harassment and abuse at FCI-Petersburg on April 24, 2009, and June 9, 2009. Bartlett was transferred to FTC-Oklahoma and then FCI-Tucson where he was the "victim of an unwitnessed assault resulting in serious bodily injury and inmates beat and cut" Bartlett with homemade weapons on March 20, 2010. A subsequent transfer to FCI-Marianna resulted in an additional assault.

To the extent that Bartlett asks the court to take judicial notice of these facts for the purpose of determining that counsel was ineffective, the record discloses that defense counsel argued at the first and second sentencing hearings that Bartlett would be the subject of abuse in prison. Bartlett's proffer is not "new evidence" inasmuch as counsel at the resentencing filed a memorandum explaining that Bartlett had spent approximately two-thirds of the time he had then served either in a Special Housing Unit or solitary confinement to protect him from attacks. This court considered Bartlett's arguments, but concluded that the aggravating circumstances warranted the sentence imposed. Also,

9

because Bartlett's motion merely provides additional evidence of arguments already considered, no further action is required.

Lastly, this court declines to issue a certificate of appealability. Bartlett cannot appeal the court's order unless it issues a certificate of appealability. 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). Courts may grant a certificate of appealability when a petitioner presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires a showing that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Because reasonable jurists could not find room to debate this court's ruling on the merits of Bartlett's claims and the Seventh Circuit has twice affirmed the substantive reasonableness of his sentence, a certificate of appealability is not appropriate. Now, therefore,

IT IS ORDERED that Bartlett's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody is denied.

IT IS FURTHER ORDERED that Bartlett's motion for an evidentiary hearing pursuant to Rule 8(a), Rules Governing § 2255 Proceedings is denied.

IT IS FURTHER ORDERED that Bartlett's motion for a status hearing is denied as moot.

IT IS FURTHER ORDERED that Bartlett's motion for judicial notice pursuant to Fed. R. Evid. 201(b)(2) is denied

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2013.

        BY THE COURT

        /s/ C.N. Clevert, Jr.
        C.N. CLEVERT, JR.
        U.S. DISTRICT JUDGE